**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Andre Davian Green,

Petitioner,

v.

Luis Rosa, Jr., et al.,

Respondents.

No. CV-26-00888-PHX-MTL (ASB)

**ORDER**

On February 9, 2026, Petitioner filed a habeas corpus petition under 28 U.S.C. § 2241, seeking release from immigration detention or, in the alternative, a bond hearing. (Doc. 1.) By Order dated February 18, 2026, the Court required Respondents to answer on an expedited basis. (Doc. 6.) The Petition is now fully briefed. (Docs. 15, 25.) The Court will deny the Petition.

**I.**

Petitioner, a Jamaican citizen, has been present in the United States since January 19, 2024, when he and his minor child were encountered by Border Patrol at an entry port in San Diego, California. (Doc. 1 ¶ 21.) He was released on his own recognizance and placed in removal proceedings. (*Id.* ¶¶ 22-23.) There, he applied for asylum, withholding of removal, and protection under the Convention Against Torture. (*Id.* ¶ 24.)

On March 9, 2025, Petitioner was arrested in Florida and charged with resisting an officer without violence. (*Id.* ¶ 25.) He was then "remanded to ICE custody" and transferred to the Florence Correctional Center in Florence, Arizona. (*Id.* ¶ 27.)

On June 12, 2025, an Immigration Judge denied Petitioner's request for a bond hearing, finding a lack of jurisdiction and concluding that Petitioner failed to show he was neither a danger to the community nor a flight risk. (*Id.* ¶ 29.) On January 12, 2026, the IJ denied Petitioner's applications for asylum, withholding of removal, and CAT relief. (*Id.* ¶ 38.) Petitioner appealed that decision, and the appeal remains pending before the Board of Immigration Appeals. (*Id.* ¶ 39.)

Petitioner now brings this habeas action, challenging his allegedly "unlawful and prolonged detention" by U.S. Immigration and Customs Enforcement and seeking immediate release. (*Id.* ¶ 1.) He asserts four claims: (1) detention under incorrect statutory authority, (2) violation of the Administrative Procedure Act, (3) violation of the Fifth Amendment's Due Process Clause, and (4) clearly erroneous danger and flight-risk determinations. The Court addresses each in turn.

## II.

## A.

Petitioner first challenges his mandatory detention under 8 U.S.C. § 1225(b)(2). (Doc. 1 ¶¶ 52-56.) For the reasons explained in *Chavez v. Noem*, — F. Supp. 3d —, 2026 WL 381618, at *1-2 (D. Ariz. Feb. 9, 2026), the Court finds that a person who entered the United States illegally and is clearly and beyond a doubt not entitled to admission is subject to mandatory detention under § 1225(b)(2)(A). *See also Buenrostro-Mendez v. Bondi*, —F.4th —, 2026 WL 323330 (5th Cir. Feb. 6, 2026). The Eighth Circuit also concluded that an alien detained in the interior is subject to mandatory detention, reasoning in part that for an alien to have been "admitted" for purposes of § 1225, the alien must have "made a lawful entry into the country," rather than "merely being present in the United States," and agreeing with the Fifth Circuit that an alien seeks admission "so long as he is present in the United States and has not been admitted," "regardless of whether he takes any further affirmative steps to gain admittance." *See Avila v. Bondi*, — F.4th —, 2026 WL 819258, at *2-5 (8th Cir. Mar. 25, 2026) (citation modified).

Based on this record, the Court finds that Petitioner is present without having been

admitted and is therefore treated as an applicant for admission under 8 U.S.C. § 1225(a)(1). The Court further finds that an immigration officer has not determined that Petitioner is clearly and beyond a doubt entitled to be admitted, and therefore mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies. Petitioner is therefore not entitled to a bond hearing under 8 U.S.C. § 1226(a).

The Court also rejects Petitioner's argument that relief should be granted here because he is a member of the *Bautista* class certified by the United States District Court for the Central District of California in *Bautista v. Santacruz*, CV-25-01873-SSS-BFM, 2025 WL 3288403, at \*1 (C.D. Cal. Nov. 25, 2025). On March 6, 2026, the Ninth Circuit Court of Appeals temporarily stayed the *Bautista* declaratory judgment, pending a ruling on the Government's emergency motion for a stay pending appeal. *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026). Then, on March 31, 2026, the Ninth Circuit continued its stay of the *Bautista* declaratory judgment because the government "made a strong showing that it is likely to succeed on its position that the district court exceeded its jurisdiction in certifying a nationwide class." *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 31, 2026). If Petitioner believes he is entitled to further relief under the judgment in *Bautista*, he should seek relief in the Central District of California. *See Chavez*, 2026 WL 381618, at \*3. Count One of the Petition is thus denied.

**B.**

The Court rejects Count Two, which alleges a violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. (Doc. 1 ¶¶ 57-60.) Petitioner cannot assert an APA claim. Under 5 U.S.C. § 704 (emphasis added), "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review." By bringing a habeas petition, Petitioner has an adequate remedy in court, so he cannot also bring an APA claim. *See Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (stating that "habeas corpus, not the APA," was the "proper vehicle" for claims involving alien transfers because § 704 provides that

"claims under the APA are not available when there is another adequate remedy in a court" (quotation marks omitted)); *see also id.* at 672 (majority opinion) (per curiam) (describing the claims as "within the 'core' of the writ of habeas corpus and thus must be brought in habeas").

Even on the merits, however, Petitioner's claim fails. Because Petitioner was classified and treated as the INA requires, the government has not acted arbitrarily or capriciously. *See F.C.C. v. NextWave Personal Commc'ns Inc.*, 537 U.S. 293, 300 (2003) ("The Administrative Procedure Act requires federal courts to set aside federal agency action that is '*not* in accordance with law . . . .'" (emphasis added) (quoting 5 U.S.C. § 706(2)(A))). Count Two is therefore denied.

### C.

Petitioner's third count challenges his "categorical denial of bond eligibility" in light of his "prolonged detention." (Doc. 1 ¶ 63.) Petitioner argues that he has been detained for over ten months and that his prolonged immigration detention without a bond hearing violates his Fifth Amendment due process rights. (*Id.* ¶¶ 63-65.)

The Supreme Court has determined there is no statutory right to periodic bond hearings for aliens detained during the pendency of removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Until [removal proceedings end] nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."). And while *Jennings* did not address whether such a right exists under the Constitution, the Supreme Court subsequently held that an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, CV26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026). Because Petitioner's removal proceedings are still ongoing, he is not entitled to a bond hearing under the Constitution. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (rejecting an indefinite detention argument because "[a]lthough [Petitioner's] removal has certainly

been delayed by his pursuit of judicial review of his administratively final removal order, he is not stuck in a 'removable-but-unremovable limbo.'"). Count Three is denied.

**D.**

Finally, the Court rejects Petitioner's alternative argument that, if the Court were to order a new bond hearing rather than immediate release, it should deem the Immigration Judge's findings regarding danger and flight risk "clearly erroneous." (Doc. 1 ¶ 67.)

This claim fails for two reasons. First, it is moot because the Court does not order a new bond hearing. Second, an Immigration Judge's discretionary bond determination is generally not reviewable in federal court. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). Count Four is denied.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter judgment accordingly and close this case.

Dated this 8th day of April, 2026.

Michael T. Liburdi
United States District Judge

- 5 -